UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:12-CR-81-HAB |
| ) | |
| JUAN OLIVO ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's motion for compassionate release (ECF No. 55). Defendant claims that he was wrongly sentenced as a career offender. This, along with his prison record and family situations, forms the basis for his compassionate release request. The motion has been fully briefed. (ECF Nos. 59, 60). Because Defendant has failed to identify an extraordinary and compelling reason for release, his motion will be denied.

**I.    Defendant's Offense Conduct**

On three occasions in early 2012, Defendant sold large amounts of heroin (or a counterfeit substance resembling heroin) to a confidential informant. Defendant was also involved in transporting heroin from Texas to Fort Wayne.

Defendant was indicted on three counts of distribution of a Schedule I controlled substance. He pled guilty to Count II via written plea agreement. Relevant to the instant motion, the plea agreement provided:

> I acknowledge that I was previously convicted of a prior felony drug offense and that the government could have filed an enhancement under 21 U.S.C. § 851. *Unless I am a career offender* pursuant to U.S.S.G. §4B1.1, the government and I agree that I should be sentenced to a term of imprisonment of 92 months. *If I am a career offender* at the time of sentencing, then I shall be sentenced according to U.S.S.G. §4B1.1, and I understand that the agreement for the sentence of 92 months shall not apply. If applicable, the above-mentioned agreement that I should receive a sentence of 92 months is a binding agreement pursuant to Rule 11(c)(1)(C).

(ECF No. 20 at 3) (original emphasis). Judge Springmann concluded that Defendant was a career offender and sentenced Defendant to 188 months' imprisonment with four years of supervised release to follow. (ECF No. 38). Defendant is currently incarcerated at FCI Gilmer in Glenville, West Virginia, with an expected release date of November 2, 2026.

II.     **Legal Discussion**

A.      *Compassionate Release Standard*

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States*

*v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 115 at 6–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

Here, Defendant asserts that he did petition his warden for compassionate, that he waited thirty days without a response, and that he filed his compassionate release motion thereafter. (ECF No. 60 at 1-2). However, Defendant has provided no evidence supporting his claim. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement. *See United States v. Williams*, 829 Fed. App'x 138, 140 (7th Cir. 2020) (compassionate release motion properly denied where no proof of exhaustion was provided).

**III.    Conclusion**

For these reasons, Defendant's motion for compassionate release (ECF No. 55) is DENIED.

SO ORDERED on May 12, 2022.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT